AS\MAJ\AA\KSC: USAO#2024R00212

FILED ENTERED
LODGED RECEIVED

NOV 5 2025

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**

**v.**

**JORGE ORLANDO GATICA VERGARA,**
**LUIS FERNANDO OYANEDEL VALENZUELA,**
**THOMAS FRANCISCO CRISOSTO ARAYA,**
[redacted]

**Defendants.**

**UNDER SEAL**

**CRIMINAL NO.** GLR-25-342

**Conspiracy to Commit Interstate Transfer of Stolen Property, 18 U.S.C. § 371; Interstate Transfer of Stolen Property, 18 U.S.C. § 2314; Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)**

## INDICTMENT

The Grand Jury for the District of Maryland charges:

### COUNT ONE
(18 U.S.C. § 371 – Conspiracy to Commit Interstate Transfer of Stolen Property)

At all times relevant to this Indictment, unless otherwise stated:

### THE PURPOSES OF THE CONSPIRACY

1. The purposes of the conspiracy included, but were not limited to, the commission of residential burglaries throughout the United States; the transportation of stolen jewelry, currency, and apparel in interstate and foreign commerce to enrich its members; and avoiding detection by homeowners and law enforcement using encrypted communications, interstate travel, and disguises.

## MANNER AND MEANS OF THE CONSPIRACY

2. To accomplish the purposes of this conspiracy, **JORGE ORLANDO GATICA VERGARA, LUIS FERNANDO OYANEDEL VALENZUELA, THOMAS FRANCISCO CRISOSTO ARAYA,** [redacted] (the "DEFENDANTS"), and other co-conspirators, known and unknown, used the following manners and means:

a. The DEFENDANTS burglarized residences in groups comprised of four to five individuals to steal jewelry, currency and apparel.

b. The DEFENDANTS and their co-conspirators designated specific tasks to each member to coordinate their efforts to burglarize the homes of wealthy homeowners and steal their property.

c. The DEFENDANTS and their co-conspirators communicated using encrypted text messages, voice recordings, and phone calls to coordinate their efforts to burglarize the homes of wealthy homeowners and steal their property.

d. The DEFENDANTS and their co-conspirators used online real estate databases to research prospective residences to burglarize.

e. The DEFENDANTS traveled to the District of Maryland and elsewhere to burglarize residences and steal jewelry, currency, and apparel.

f. The DEFENDANTS targeted unoccupied residences to avoid detection and confrontation with homeowners.

g. The DEFENDANTS utilized tools to forcibly break into residences to steal jewelry, currency, and apparel.

h. The DEFENDANTS utilized commercial rental vehicles and commercial

rental homes for interstate travel and to transport stolen jewelry, currency, and apparel.

i. The DEFENDANTS disguised their appearances using facial coverings, gloves, and dark clothing.

**THE CONSPIRACY**

3. Beginning at least on or about January 12, 2024, and continuing through at least on or about February 3, 2024, in the District of Maryland and elsewhere, the DEFENDANTS,

**JORGE ORLANDO GATICA VERGARA,**
**LUIS FERNANDO OYANEDEL VALENZUELA,**
**THOMAS FRANCISCO CRISOSTO ARAYA,**
[redacted]

knowingly and intentionally conspired together, and with other persons known and unknown to the Grand Jury, to commit an offense, that is, the transportation, transmission, or transfer in interstate or foreign commerce any goods, wares, merchandise, securities or money, of a value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud, in violation of Title 18, United States Code, Section 2314.

**OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY**

4. In furtherance of this conspiracy and to effect and accomplish the objects of it, the DEFENDANTS and other co-conspirators, known and unknown, committed the following acts in the District of Maryland and elsewhere:

5. From on or about January 12, 2024, and continuing to on or about January 28, 2024, VERGARA used his cellular phone to search an online real estate database for residential homes in the Stevenson, Maryland area.

6. From on or about January 21, 2024, and continuing to on or about January 26, 2024, VERGARA used his cellular phone to search an online real estate database for residential homes in the Lutherville, Maryland area.

7. On or about January 25, 2024, the DEFENDANTS traveled from the State of Florida in a vehicle and drove towards the State of Maryland.

8. On or about January 26, 2024, the DEFENDANTS arrived in Essex, Maryland, where the DEFENDANTS and other co-conspirators reserved a commercial rental home from on or about January 26 to on or about January 29, 2024.

9. On or about January 26, 2024, the DEFENDANTS traveled to a residence in the Lutherville, Maryland area, broke a window to enter the residence, ransacked the residence, and stole approximately $123,686.60 worth of high-end handbags, jewelry, and cash.

10. On or about January 26, 2024, and continuing to on or about January 27, 2024, ARAYA sent VERGARA internet links containing the coordinates to three residences located in Phoenix, Maryland.

11. On or about January 27, 2024, the DEFENDANTS traveled to a residence in Phoenix Maryland, boke the rear sliding door to enter the residence, ransacked the residence, and stole approximately $189,820.28 worth of high-end watches, designer sneakers, apparel, and jewelry.

12. On or about January 27, 2024, during the burglary of the Phoenix home, VERGARA took two photographs of himself and one video of himself and a co-conspirator inside the residence.

13. On or about January 27, 2024, during the time frame of the Phoenix residence burglary, VALENZUELA placed six outgoing phone calls to ARAYA and started a group call in

an encrypted communications application between VERGARA, [redacted], and another co-conspirator to coordinate their activities.

14. On or about January 27, 2024, following the burglary of the Phoenix home, the DEFENDANTS returned to the Essex rental home where VERGARA took photographs of a high-end watch and designer apparel, and [redacted] took a photograph of himself wearing the jewelry the DEFENDANTS stole from the Phoenix residence.

15. On or about January 28, 2024, the DEFENDANTS drove the stolen property from Maryland to Florida.

16. On or about January 29, 2024, while in Orlando, Florida, VERGARA photographed himself wearing jewelry the DEFENDANTS stole from the Phoenix, Maryland residence on or about January 27, 2024.

17. On or about January 30, 2024, ARAYA and [redacted] sent VERGARA a message containing apparel the DEFENDANTS stole from the Phoenix, Maryland residence on or about January 27, 2024.

18. On or about February 2, 2024, VERGARA used his cellular phone to search an online real estate database for residential homes in Pikesville, Maryland.

19. On or about February 2, 2024, VERGARA used his cellular phone to search the internet for commercial rental homes in the State of Maryland.

20. On or about February 3, 2024, the DEFENDANTS drove to the State of Maryland in a commercial rental vehicle to burglarize a residence in Towson, Maryland.

21. On or about February 3, 2024, the DEFENDANTS wore hooded sweatshirts pulled over their heads and gloves on their hands to carry out the planned burglary.

22. On or about February 3, 2024, the DEFENDANTS approached the Towson residence and prepared to break into the residence.

23. On or about February 3, 2024, the DEFENDANTS fled from the Towson residence and entered a commercial rental vehicle driven by VALENZUELA.

24. On or about February 3, 2024, the DEFENDANTS possessed, amongst other things, a crowbar, two large screwdrivers/pry bars, six gray and black gloves, rental car agreement papers, a flashlight, and a center punch tool to facilitate the crime.

18 U.S.C. § 371

**COUNT TWO**

(18 U.S.C. § 2314 – Interstate Transfer of Stolen Property)

25. Paragraphs 1 through 24 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

26. From on or about January 25, 2024, and continuing to on or about January 30, 2024, in the District of Maryland and elsewhere, the DEFENDANTS,

**JORGE ORLANDO GATICA VERGARA,**
**LUIS FERNANDO OYANEDEL VALENZUELA,**
**THOMAS FRANCISCO CRISOSTO ARAYA,**
[redacted]

did unlawfully, knowingly and intentionally transport and transfer in interstate commerce, and cause to be transported and transferred in interstate commerce, goods, wares and merchandise with a value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud.

18 U.S.C. § 2314
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts 1 and 2 of this Indictment.

**Conspiracy to Commit Transportation of Stolen Property Forfeiture**

2. Upon conviction of the offenses alleged in Counts 1 and 2 of this Indictment, the DEFENDANTS,

**JORGE ORLANDO GATICA VERGARA,**
**LUIS FERNANDO OYANEDEL VALENZUELA,**
**THOMAS FRANCISCO CRISOSTO ARAYA,**
[redacted]

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes, or is derived from, proceeds traceable to the offenses, including but not limited to:

a. Approximately $123,686.60. in U.S. currency, which constitutes the value of the property stolen from the Lutherville, Maryland property on January 26, 2024.

b. Approximately $189,820.28 in U.S. currency, which constitutes the value of the property stolen from the Phoenix, Maryland property on January 27, 2024.

**Substitute Assets**

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes /AOA
KELLY O. HAYES
United States Attorney

DAVID L. JAFFE
Chief
Department of Justice
Violent Crime and Racketeering Section

A TRUE BILL:

[redacted]

Foreperson

11/5/25
Date